ORIGINAL

Of Counsel:
CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS

L. RICHARD FRIED, JR.  764-0
JOHN D. THOMAS, JR.    1415-0
GEOFFREY K. S. KOMEYA  6056-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1433
Facsimile:  (808) 536-2073
E-mail:  cfskf@croninfried.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 12 2011

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL J. JACKSON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>JAY T. POINDEXTER, M.D. and<br>ISLANDS EMERGENCY MEDICAL<br>SERVICE, INC.<br><br>Defendants. | CIVIL NO. CV11 00308ACK RLP<br>(Medical Malpractice)<br><br>COMPLAINT; SUMMONS |

COMPLAINT

Plaintiff above named, by and through his

attorneys, Cronin, Fried, Sekiya, Kekina & Fairbanks,

for claims for relief against Defendants above named,
alleges and avers as follows:

COUNT I

1.    At all times relevant herein, Plaintiff
Michael J. Jackson was domiciled in and a citizen of
the County of Hawaii, State of Hawaii.

2.    This is a medical malpractice and personal
injury action to recover damages which arises from
negligent acts and/or omissions of employees of the
Government of the United States of America, while
acting within the scope of their office and/or
employment, under circumstances where the Government of
the United States of America, if a private party, would
be liable to plaintiffs, and from the negligent acts
and/or omissions of Defendants Jay T. Poindexter , M.D.
(hereinafter "Dr. Poindexter") and Islands Emergency
Medical Service, Inc., (hereinafter "Islands
Emergency").

3.    Jurisdiction is conferred on this Court by
Title 28, United States Code §§ 1346 and 1367.

4.    Pursuant to Title 28, United States Code, §§ 2671, et seq., Plaintiff Michael J. Jackson filed on October 29, 2010 an administrative claim with the Department of Veterans Affairs.  The administrative claim was received by the Department of Veterans Affairs on November 2, 2010.

5.    The Department of Veterans Affairs denied the administrative claim on April 28, 2011.

6.    At all times relevant herein, Defendant United States of America (hereinafter "USA") through the Department of Veterans Affairs operated medical care facilities in the State of Hawaii, including the Veterans Affairs Clinic in Kona, Hawaii known as the VA Kona Community Based Outpatient Clinic (hereinafter "Kona VA Clinic").

7.    At all times relevant herein, Defendant Dr. Poindexter was domiciled in and a citizen of the State of California.  At all times relevant herein Defendant Dr. Poindexter was a medical doctor licensed to practice medicine in the State of Hawaii and

practicing medicine at Kona Community Hospital in the County of Hawaii, State of Hawaii.

8.   Defendant Islands Emergency, Inc. is, and at all times relevant herein was, a Hawaii corporation formed and existing under the laws of the State of Hawaii, with its principal place of business in the City and County of Honolulu, State of Hawaii.

9.   At all times relevant herein, Defendant Islands Emergency provided physician staffing for the Emergency Department at Kona Community Hospital.

10. At all times relevant herein Defendant Dr. Poindexter was an employee and/or agent of Defendant Islands Emergency and acting within the course and scope of his employment with Defendant Islands Emergency at all times during his treatment of Plaintiff Michael J. Jackson.

11. Plaintiff Michael J. Jackson was a patient of the Kona VA clinic where he was followed and treated.

12.  On May 1, 2009 Plaintiff Michael J.
Jackson was evaluated at the Kona VA Clinic by Dr.
Jeffrey Bergsman for symptoms including a swollen right
ankle, severe pain to his right foot, a burning
sensation in the heel and bottom of his right foot and
sensory change (numbness) in the right leg and foot.
Dr. Bergsman wrote that Plaintiff Michael J. Jackson's
symptoms were concerning for arterial blockage, a
medical emergency.  Dr. Bergsman directed Plaintiff
Michael J. Jackson to go to the Kona Community Hospital
Emergency Department for immediate evaluation.

13.  Defendant Dr. Poindexter examined
Plaintiff Michael J. Jackson at the Kona Community
Hospital Emergency Department on May 1, 2009.

14.  Defendant Dr. Poindexter misdiagnosed
Plaintiff Michael J. Jackson's presenting symptoms as
claudication.

15.  Defendant Dr. Poindexter discharged
Plaintiff Michael J. Jackson from the Emergency

Department on May 1, 2009 and advised Plaintiff Michael

J. Jackson to obtain a vascular surgery consultation.

16. Defendant Dr. Poindexter did not assist

Plaintiff Michael J. Jackson in any way to obtain a

vascular surgeon consultation.

17. The Kona VA Clinic was notified by Kona

Community Hospital and by Plaintiff Michael J. Jackson

on May 1, 2009, and by Plaintiff Michael J. Jackson

thereafter, that Plaintiff Michael J. Jackson had been

advised to obtain a vascular surgery consultation.

18. No vascular surgery consultation was

obtained until eleven days later, on May 12, 2009, when

the Kona VA Clinic directed Plaintiff Michael J.

Jackson to vascular surgeon Dr. James Wong at Straub

Clinic and Hospital ("Straub") in Honolulu, Hawaii.

19. Although an initial surgery to

revascularize Plaintiff Michael J. Jackson's right leg

by Dr. Wong at Straub on May 13, 2009 was temporarily

successful, Plaintiff Michael J. Jackson ultimately

required amputation of his right leg above the knee by Dr. Wong on June 25, 2009.

20. Defendants' failure to appropriately diagnose and treat Plaintiff Michael J. Jackson's right leg arterial blockage and Defendants' responsibility for the delay from May 1, 2009 to May 12, 2009 in obtaining a timely vascular surgery consultation and revascularization of Plaintiff Michael J. Jackson's right leg resulted in Plaintiff Michael J. Jackson's amputation of his right leg above the knee.

21. Defendants, by and through their agents, servants and employees, negligently examined, evaluated, tested, diagnosed, cared for and otherwise negligently treated Plaintiff Michael J. Jackson.

22. As a direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendants as aforesaid, Plaintiff Michael J. Jackson has suffered severe and permanent injuries, including amputation of his right leg above the knee.

23. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendants as aforesaid, Plaintiff Michael J. Jackson has suffered and will suffer in the future, great physical pain, discomfort, disfigurement and permanent bodily injuries; and has suffered, and will suffer in the future, emotional injuries and distress and mental anguish; and severe psychological and other disabilities.

24. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendants as aforesaid, Plaintiff Michael J. Jackson has suffered and will suffer in the future loss of enjoyment of life and the inability to pursue normal activities of life and will be unable to pursue activities, including sports, hobbies, human and family relations, and other endeavors.

25. As a further direct and legal and/or proximate cause of the carelessness, negligence,

actions and omissions of Defendants as aforesaid, Plaintiff Michael J. Jackson has incurred medical and miscellaneous expenses, and care costs, and will incur such medical, miscellaneous and care costs in the future, and will incur future costs in amounts which are presently unknown, and asks leave of this Court to show the same at trial.

26. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendants as aforesaid, Plaintiff Michael J. Jackson has sustained loss of earnings and has suffered impairment of his earning capacity, and will sustain future wage losses and/or impairment of earning capacity, in amounts which are presently unknown, and ask leave of the Court to show the same at trial.

## COUNT II

27. The allegations contained in paragraphs 1 through 26 are realleged and incorporated herein by reference.

27. At all times relevant herein, the employees, agents, servants and representatives of the Kona VA Clinic and Islands Emergency who examined, diagnosed, cared for and treated Plaintiff Michael J. Jackson were acting within the course and scope of their respective employment, agency and service with the Kona VA Clinic and/or Islands Emergency; and, therefore, Defendant United States of America and Defendant Islands Emergency are liable to Plaintiff for the tortious conduct of the above-mentioned employees, agents, servants and representatives as set forth in this Complaint under the doctrine of respondeat superior and/or agency principles.

COUNT III

28. The allegations contained in paragraphs 1 through 27 are realleged and incorporated herein by reference.

29. At all times relevant herein, Defendants and their employees, agents, servants and representatives did hold themselves and their health

care provider employees, agents, servants and
representatives out to members of the general public
and to Plaintiff as possessing that degree of care and
skill ordinarily possessed and exercised by like health
care providers, employees, agents, servants and
representatives.

30. At all times relevant herein, Defendants
impliedly and/or expressly warranted to Plaintiff that
they and their employees, servants, agents and
representatives would provide competent care and
appropriate treatments and/or services.

31. Defendants breached their warranties to
Plaintiff.

32. As a direct and legal and/or proximate
result of Defendants' breaches of warranties, Plaintiff
has suffered, and will continue to suffer, the injuries
and damages as set forth herein.

WHEREFORE, Plaintiff demands judgment against
Defendants as follows:

a.   For general and special damages in amounts

that will be proven at trial; and

Plaintiff further states that the amount

of his damages as asserted herein falls

within the jurisdictional requirements of

this Court;

b.   Interest as allowed by law;

c.   Plaintiff's costs of suit and attorneys'

fees; and

d.   Such other and further relief as this

Court deems just and proper.

DATED:   Honolulu, Hawaii, May 11, 2011.

L. RICHARD FRIED, JR.
JOHN D. THOMAS, JR.
GEOFFREY K. S. KOMEYA
Attorneys for Plaintiff

a.   For general and special damages in amounts

that will be proven at trial; and

Plaintiff further states that the amount

of his damages as asserted herein falls

within the jurisdictional requirements of

this Court;

b.   Interest as allowed by law;

c.   Plaintiff's costs of suit and attorneys'

fees; and

d.   Such other and further relief as this

Court deems just and proper.

DATED:  Honolulu, Hawaii, May 12, 2011.

L. RICHARD FRIED, JR.
JOHN D. THOMAS, JR.
GEOFFREY K. S. KOMEYA
Attorneys for Plaintiff

12