IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL J. JACKSON, | ) CIVIL NO. 11-00308 ACK-RLP |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION AND ORDER |
| | ) GRANTING PLAINTIFF'S MOTION FOR |
| vs. | ) AN ORDER AMENDING RULE 16 |
| | ) SCHEDULING ORDER AND GRANTING |
| UNITED STATES OF AMERICA; JAY | ) LEAVE TO FILE FIRST AMENDED |
| T. POINDEXTER; ISLANDS | ) COMPLAINT |
| EMERGENCY MEDICAL SERVICE, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR AN ORDER AMENDING RULE 16 SCHEDULING ORDER AND
<u>GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT</u>

Before the Court is Plaintiff Michael J. Jackson's Motion for an Order Amending the Rule 16 Scheduling Order and Granting Leave to File First Amended Complaint, filed on April 24, 2012 ("Motion").  Docket No. 71.  Defendant United States of America filed a Statement of No Opposition to the Motion on April 27, 2012.  Docket No. 74.  Defendant Jay T. Poindexter ("Dr. Poindexter") filed his Opposition on May 29, 2012 ("Poindexter Opp.").  Docket No. 87.  Defendant Island Emergency Medical Service, Inc. ("IEMS") filed its Opposition on May 30, 2012 ("IEMS Opp.").  Docket No. 89.  Plaintiff filed his Reply on June 12, 2012.  Docket No. 91.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  Docket No. 72.  After

carefully reviewing the submissions and the relevant legal authority, the Court GRANTS Plaintiff's Motion.

BACKGROUND

This action arises from events that occurred in May 2009. As alleged in the Complaint, Plaintiff was seen by a physician at the Veteran's Administration Kona Community Based Outpatient Clinic ("Kona VA") complaining of severe pain, swelling, and numbness in his lower right leg on May 1, 2009. Compl. ¶ 12. The physician at the Kona VA suspected an arterial blockage and sent Plaintiff to the Kona Community Hospital Emergency Room for evaluation. Id. Plaintiff was examined by Defendant Dr. Poindexter who mis-diagnosed Plaintiff with claudication and discharged him with instructions to follow up with a vascular surgeon. Id. ¶¶ 13-15. Plaintiff followed up with the Kona VA and was scheduled to see a vascular surgeon at the Straub Clinic and Hospital in Honolulu, Hawaii, on May 12, 2009. Id. ¶¶ 17-18. Plaintiff underwent surgery on May 13, 2009, to revascularize his right leg. Id. ¶ 19. However, the surgery was only temporarily successful, and Plaintiff's right leg was amputated above the knee on June 25, 2009. Id.

In his Complaint, Plaintiff brought claims against Defendants for negligence, medical malpractice, and breach of warranties. Id. ¶¶ 20-32. In this Motion, Plaintiff seeks leave to amend his complaint to add claims against IEMS for negligent

investigation, hiring, supervision and/or retention of Dr. Poindexter.  Mem. in Supp. of Mot. at 12-13; Proposed First Amended Complaint, attached as Ex. 1 to Mot., ¶¶ 33-47.

## DISCUSSION

The deadline to file motions to amend pleadings was December 23, 2011.[1]  See Docket Nos. 33, 79 ("Scheduling Order").  Because the Scheduling Order deadline to file motions to amend pleadings has passed, Plaintiff's request for leave to amend his Complaint is governed under Rule 16 of the Federal Rules of Civil Procedure.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) ("Once the district court filed a pretrial scheduling order pursuant to Federal Rules of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order:  if the party seeking the modification was not diligent, the court should deny the motion.  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).  The scheduling order "may be modified 'if it cannot reasonably be met

---

[1] Before this Motion was fully briefed, the Court issued an Amended Rule 16 Scheduling Order setting a new trial date of May 7, 2013.  See Docket Nos. 79, 83.  The Amended Rule 16 Scheduling Order did not change the previously set deadline for filing motions to amend the pleadings.  Id.

despite the diligence of the party seeking the extension.'" <u>Id.</u> (quoting <u>Johnson</u>, 975 F.2d at 609).  Additionally, the court may deny a request to amend the scheduling order on the basis of prejudice to the party opposing the modification.  <u>Johnson</u>, 975 F.2d at 609.

        Here, good cause exists to amend the Scheduling Order to allow Plaintiff to file an amended complaint.  First, even though Plaintiff did not file the present motion within the time frame allowed by the Scheduling Order, it was reasonable for Plaintiff to conduct an independent investigation into the facts that he alleges support the new claims before seeking to amend his pleading.  Second, as noted above, the Court issued an Amended Rule 16 Scheduling Order on May 11, 2012, setting a new trial date of May 7, 2013.  <u>See</u> Docket Nos. 79, 83.  With trial nearly a year away, Defendants have ample time to conduct discovery related to the new claims or file dispositive motions based on the potential arguments identified in their oppositions. <u>See</u> IEMS Opp. at 13.  Third, the Court is not persuaded by Defendants' arguments that the proposed amendments should be denied because of prejudice.  The authority cited by Dr. Poindexter in support of his arguments regarding prejudice is inapposite.  <u>See</u> Poindexter Opp. at 9-11.  Those cases involved admissibility determinations regarding specific evidence for purposes of trial and did not address whether negligent hiring

claims can be included in medical malpractice complaints. Any issues regarding the relevance and admissibility of potential evidence related to the new claims should be resolved after such evidence is obtained and not in the abstract at this early stage. Although the admissibility of evidence regarding Dr. Poindexter's treatment of other patients may be an issue at or before trial, that possibility does not preclude amendment of the complaint.

## CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for an Order Amending Rule 16 Scheduling Order and Granting Leave to File First Amended Complaint. Plaintiff may file his First Amended Complaint within seven days.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, JUNE 13, 2012.

_____
Richard L. Puglisi
United States Magistrate Judge

**JACKSON V. UNITED STATE OF AMERICA, ET AL., CIVIL NO. 11-00308 ACK-RLP; MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER AMENDING RULE 16 SCHEDULING ORDER AND GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT**